UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50792
_____


RONALD E. CARROLL,

                                        Plaintiff - Appellee,

                        versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the
                Western District of Texas
                    (A-93-CV-484)
_____

                    June 26, 1996
Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The Texas Department of Criminal Justice ("TDCJ") appeals from

an adverse jury verdict that TDCJ's discharge of an employee,

Richard Carroll, was a willful violation of the Age Discrimination

in Employment Act ("ADEA").   See 29 U.S.C. § 623(a).   The jury

awarded $50,000 in damages which the district court doubled based

upon the willfulness finding.   See id. § 626(b).   TDCJ challenges

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the sufficiency of the evidence to support the jury's findings of: (1) an ADEA violation; (2) the willfulness of that violation; and (3) the $50,000 backpay award. TDCJ also contends that the jury was improperly instructed on the applicable legal standard. Having carefully considered the record, the briefs, and argument of counsel, we affirm for the following reasons:

1. Under the Boeing standard,[1] the evidence is legally sufficient to support the jury's finding that TDCJ unlawfully discharged Carroll because of his age. Carroll presented evidence of numerous age discriminatory remarks made by his supervisor, Mike Teare. These comments included statements that older managers needed to be replaced by younger ones. There is evidence that the jury could credit that some of these comments were made in the presence of the ultimate decisionmaker, Larry Fickel. Additionally, Teare fired a co-worker (who was also over fifty) in Carroll's presence and Teare reiterated at that time that he wanted younger managers. Without authorization, Teare fired Carroll the next day. There was evidence that Carroll was replaced by a younger worker.

To be sure TDCJ presented an alternative theory for Carroll's discharge--failure to follow certain policies and procedures. The jury heard extensive evidence from TDCJ on this alternative reason. Likewise, Carroll presented evidence vigorously contesting the

---

[1] See Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969) (en banc).

pretext. As we said in <u>Wilson v. Monarch Paper Co.</u>, 939 F.2d 1138, 1146 (5th Cir. 1991), "[t]he jury heard both sides and the jury spoke." Just as in <u>Wilson</u>, there were clearly two sides to this case. The jury believed Carroll and his evidence; it did not believe the evidence proffered by TDCJ. We conclude the evidence is legally sufficient to support the jury's verdict.

2. Similarly, the evidence is legally sufficient to support the jury's finding of a willful violation of the ADEA. Under <u>Hazen Paper Co. v. Biggins</u>, 113 S. Ct. 1701, 1710 (1993), a willful violation of the ADEA occurs when the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. In this case, the jury found that TDCJ discriminated against Carroll by: informing him that he would be demoted; replacing him with a much younger person; and notifying him that older managers would be replaced by younger ones. As we noted above, the evidence is sufficient to support these findings. Fickel and Teare admitted at trial that they knew that basing their actions on Carroll's age would amount to an ADEA violation. TDCJ's defense was that it did not act based upon Carroll's age. The jury concluded otherwise. Consequently, there is sufficient evidence to support the jury's willfulness finding.

3. The evidence is also sufficient to support the backpay award. TDCJ contends that the district court's failure to grant a <u>frontpay</u> award due to Carroll's employment status precludes a jury award for backpay damages. TDCJ is incorrect. The jury was

3

charged with determining the amount of damages Carroll would have earned absent the illegal discharge. Carroll presented evidence that his former position continued after his discharge. There was also evidence that Carroll was told he could remain in a demoted position on future sites. Carroll presented evidence that his backpay damages were well in excess of the jury's ultimate award. Notwithstanding the district court's reluctance to use its equitable powers to award frontpay damages, there is sufficient evidence to support the jury's backpay award.

4. Finally, the district court did not abuse its discretion in charging the jury. The court properly instructed the jury that the discriminator need not be the ultimate decisionmaker, but a significant participant in the decision to terminate the plaintiff. See E.E.O.C. v. Manville Sales Corp., 27 F.3d 1089, 1094 (5th Cir. 1994), cert. denied, 115 S. Ct. 1252 (1995). Moreover, the charge, taken as a whole, does not leave this Court with a substantial and ineradicable doubt that the jury was improperly guided.

The judgment of the district court is AFFIRMED.